Ferki, Appellant, *v.* Frantz's Transfer Company.

Argued March 1, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Carl J. Burke,* for appellant.

*Ben R. Jones, Jr.,* of *Bedford, Waller, Jones & Darling,* for appellee.

OPINION BY STADTFELD, J., April 21, 1943:

On April 13, 1939, appellant, Andrew Ferki, was injured in an accident sustained in the course of his employment with Frantz's Transfer Company in the City of Wilkes-Barre, Luzerne County. On September 14, 1940, claimant filed a claim petition and thereupon defendant filed an answer. After hearing the parties the referee on March 25, 1941 found that the claimant suffered total disability due to injury resulting from an accident sustained in the course of his employment with defendant but denied compensation on the ground that the claim petition had not been filed within one year from the date of such accident, as required under the Act of 1939. Both claimant and defendant filed appeals from the referee to the board. The board affirmed the referee's findings of fact and conclusions of law. Both parties appealed to the Court of Common Pleas of Luzerne County. On February 16, 1942, the lower court en banc (by VALENTINE, P. J.) affirmed the opinion of the board as to the conclusion of law that the claim petition had been filed too late and dismissed the claimant's appeal. Thereupon, claimant filed the present appeal.

The accident complained of in this case is alleged to have happened April 13, 1939. At the time of such accident the Workmen's Compensation Act of 1937,

P. L. 1552 (77 PS §602), then in force, provided for a period of limitation of two years within which a compensation claim petition could be filed. On June 21, 1939, the Legislature re-enacted and amended the Workmen's Compensation Act of 1937, supra, by the Workmen's Compensation Act of 1939, P. L. 520 (77 PS §602), effective July 1, 1939, which latter Act prescribed a period of limitation of one year within which compensation claim petitions could be filed.

On September 9, 1940, approximately seventeen months subsequent to the date of accident and over fourteen months after the effective date of the Workmen's Compensation Act of 1939, supra, appellant filed his claim petition.

It has been held by this court that the statute in effect at the time of the filing of the claim petition is the governing statute: *Seneca v. Yale & Towne Mfg. Co. et al.*, 142 Pa. Superior Ct. 470; *Matkosky v. Midvale Co.*, 143 Pa. Superior Ct. 197, 199; *Kennedy v. Holmes Construction Co. et al.*, 147 Pa. Superior Ct. 348, 358.

In *Kennedy v. Holmes Construction Co.*, supra, Judge RHODES, speaking for this court, stated: "The limitation periods in the Act of 1937 and Act of 1939 relate to matters of procedure, and are not confined to rights of action which accrued after their passage and approval ...... The language of the quoted provision (referring to Section 315) of the Act of 1939, 77 PS Section 602, would naturally make it apply to existing rights of action as well as to those accruing thereafter ...... The period of limitation having been reduced from two years to one year by the Act of 1939, there must be a reasonable time allowed to exercise a substantive right which existed at the time of its enactment. Under the circumstances, the reasonable time thereafter in which a claim petition may be filed is to be judicially determined."

It is well settled that, while the legislature may

shorten the time in which suits to enforce existing rights of action may be commenced, a reasonable time must be given by the new law for the commencement of suit before the bar takes effect (*Com. ex rel. Kelley v. Brown*, 327 Pa. 136, 142; *Philadelphia, Baltimore & Washington R. R. Co. v. Quaker City Flour Mills Co.*, 282 Pa. 362, 365). Here, however, the action was not commenced until after the expiration of the full year limitation provided in the Act of 1939. In our opinion the requirement that a claimant must be allowed a reasonable time after the enactment of a shorter period of limitation did not require the allowance of the present petition.

We agree with the conclusion arrived at by the court below.

Order affirmed.