443 A.2d 1150

**Gemma CRISANTE, Appellant,**

v.

**J. H. BEERS, INC.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1980.

Filed April 2, 1982.

Petition for Allowance of Appeal Denied July 14, 1982.

---

338

Dwight L. Danser, Easton, for appellant.

William Murphy, Easton, for appellee.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

CAVANAUGH, Judge:

In this appeal we are asked to determine whether the two year statute of limitations applicable to actions for "trespass of real property" prevents the pursuance of the instant action alleging negligent infliction of damages to real property.

■ Appellant, Gemma Crisante, instituted this action in trespass on November 23, 1979. She alleged in her com-

plaint that in September 1974, appellee J. H. Beers, Inc., a contractor for the Pennsylvania Department of Transportation, performed construction work on the state highway in front of her home. On September 25, 1974, appellee allegedly failed to use reasonable and proper care in the operation of its heavy road equipment, including graders and trucks. Its negligent operation of the equipment caused excessive vibrations which resulted in damage to appellant's residence. Appellant did not allege any intentional conduct on the part of appellee.

Appellee, in its answer, raised the defense of the statute of limitations as New Matter. Following appellant's reply to the New Matter, appellee moved for judgment on the pleadings. The trial court granted the motion, dismissed appellant's complaint and entered judgment for appellee. The court based its decision on a finding that the cause of action was barred by a two year statute of limitations.

The Pennsylvania Legislature completely reorganized the statutes of limitations for all causes of action when it enacted the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, as amended by Act of April 28, 1978, P.L. 202, No. 53. Under prior law, appellant had six years in which to bring her cause of action. 12 P.S. § 31. Appellee contends, however, that the Judicial Code reduces the limitation period from six to two years. The relevant provision, according to appellee, is the one found in 42 Pa.C.S.A. § 5524(4), pertaining to actions "for waste or trespass of real property."

Appellant argues that the legislature did not intend Section 5524(4) to apply to causes of action alleging only negligence. In appellant's view, the instant action is instead governed by the "catch-all" provision of 42 Pa.C.S.A. § 5527(6). There, the legislature specified a six year statute of limitations for "[a]ny civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation)."

No specific provision other than section 5524(4) is arguably applicable to this cause of action. Our decision therefore

depends on whether the phrase "trespass of real property" must be interpreted narrowly as applicable only to actions which allege an intentional intrusion upon the land of another or whether it is applicable to any tortious act causing damage to real property alleged in an action brought in trespass. For the following reasons we adopt the latter position and therefore conclude that section 5524(4) governs causes of action alleging negligent infliction of damage to real property.

Appellant would have us limit the new two year statute of limitations to cases alleging an intentional intrusion on the land of another. The concept of trespass, however, is not so limited. By definition it includes the "doing of [an] unlawful act or of [a] *lawful act in [an] unlawful manner* to [the] injury of another's person or property," and "comprehends not only forcible wrongs, but also acts the consequences of which make them tortious." Black's Law Dictionary (5th ed. 1979) (emphasis added). The negligence appellant alleges, i.e., appellee's use of its heavy equipment in such a manner as to cause damage to her real property, is within this definition because it is the doing of a "lawful act in [an] unlawful manner."

When actions for negligently inflicted injuries to property were first recognized at common law, they were classified under the common law writ of "trespass on the case," or simply "case". A writ of "trespass" was at that time associated with intentional torts.[1] However, Pennsylvania long ago abolished procedural distinctions between actions in trespass and those in trespass on the case, and made all such torts actionable in "trespass." 12 P.S. § 2.[2] It would certainly seem regressive for us to now conclude that the legislature intended to create a distinction between limitation periods applicable to intentional and negligent acts causing damage to real property when it enacted the Judicial Code.

1. See Prosser, *Handbook of the Law of Torts* § 7 (4th Ed. 1971). *See also* the discussion in *Kedra v. City of Philadelphia*, 454 F.Supp. 652 (E.D.Pa.1978) at 669, n.15.

2. This section has been superceded by 42 Pa.C.S.A. § 1722(a)(1).

We believe that a broad reading of section 5524(4) in fact comports with the intent of the drafters of the Judicial Code. The Pennsylvania Bar Association Judicial Code Explanation, which serves as a preface to the Judicial Code, notes that under section 5524:

> the periods applicable to conversion of or injury to personal property and waste or trespass to real property are reduced from six to two years to conform to the modern principle that *claims based on conduct, and hence heavily relying on unwritten evidence, should have relatively short statutes of limitations,* so as to bring them to trial (after allowance for pre-trial delays) before memories have faded. The two-year statute is made the general statute for tort claims (libel, slander and invasion of privacy with one-year periods of limitation constitute the principal exceptions).

42 Pa.C.S.A. xvi-xvii (Purdon 1981) (emphasis added).[3] Certainly a claim of negligence is based on conduct and thus the policy reasons underlying the reduction of the period of limitations apply to claims of negligence as forcefully as to claims based on intentional acts.

The General Assembly used the Judicial Code "as a vehicle to rationalize and simplify the statutes of limitation."[4] A reading of the various statutes of limitations in the Judicial Code indicates that the drafters, in keeping with this purpose, established a single period of limitation for related actions whenever possible.[5] The Judicial Code clearly re-

---

**3.** The P.B.A. Judicial Code explanation was prepared by the P.B.A. Special Committee on the Judicial Code. It was this committee, in conjunction with a similar committee of the Pennsylvania Conference of State Trial Judges, which drafted the Judicial Code bills.

**4.** P.B.A. Judicial Code Explanation, 42 Pa.C.S.A. xv (Purdon, 1981).

**5.** As stated above, the two year period of limitations is made the general statute for tort claims. This represents an increase from one to two years for wrongful death actions and a reduction from six to two years for actions for conversion of or injury to personal property and waste or trespass to real property. The four year limitation under § 5525 is made applicable to all basic contract actions, some of which were previously governed by a six year period of limitation. *See* P.B.A. Judicial Code Explanation, 42 Pa.C.S.A. xvi-xviii (Purdon, 1981).

duced the limitation period for actions alleging intentional *or* negligent infliction of damages to personal property *from* six years to two years.[6] It would be inconsistent to reduce the limitation period for intentional, but not negligent, infliction of damages to real property. Our conclusion that section 5524(4) is applicable to appellant's cause of action is in keeping with the purpose of "rationalizing and simplifying" the statutes of limitations.

Appellant next argues that even if we find her cause of action to be within section 5524(4), it should not be applied retroactively to bar her claim. We disagree.

■ The rules of statutory construction provide that whenever a period of limitation begins to run on a cause of action before a new statute reducing the limitation period applicable to the cause of action is enacted, the time which has already run shall be deemed a part of the time prescribed by the new limitation. 1 Pa.C.S.A. § 1975. Underlying this statute is the assumption that a cause of action is governed by the limitation period in effect at the time the complaint is filed. There is no constitutional objection to retroactive application of such a statute since it is procedural, not substantive. *Upper Montgomery Joint Authority v. Yerk,* 1 Pa.Commw. 269, 274 A.2d 212 (1971).

We have, however, held that "while the legislature may shorten the time in which suits to enforce existing rights of action may be commenced, a reasonable time must be given by the new law for the commencement of suit before the bar takes effect." *Ferki v. Frantz's Transfer Co.,* 152 Pa.Super. 267, 269, 31 A.2d 586, 587–88 (1943). Hence the Pennsylvania Legislature included in the Judicial Code a "savings clause" when it enacted the new statute of limitations provisions. This clause provides as follows:

> *"(a) Any civil action or proceeding:*
>
> *"(1) the time heretofore limited by statute for the commencement of which is reduced by any provision of this act; and*

**6.** 42 Pa.C.S.A. § 5524(3).

"(2) which is not fully barred by statute on the day prior to the effective date of this act;

may be commenced within one year after the effective date of this act, or within the period heretofore limited by statute, whichever is less, notwithstanding any provisions of Subchapter B of Chapter 55 of Title 42 (relating to civil actions and proceedings) or any other provision of this act providing a shorter limitation."

Act of July 9, 1976, P.L. 586, No. 142, Section 25(a). See note following 42 Pa.C.S.A. § 5524. (emphasis added).

Because this section stated that actions "may be commenced" instead of "shall be commenced," appellant reasons that "the provision does not require that an action be brought within a lesser period than the old statute of limitations, but, permits it." Appellant's brief, p. 14. The flaw in appellant's logic is obvious. The permissive language of the provision merely reflects its purpose, which is to allow the commencement of suits otherwise barred by a new limitation reducing the former period of limitation. In other words, actions otherwise barred may be commenced during the one-year grace period.

The grace period ended on June 27, 1979, one year after the effective date of the Judicial Code. Appellant did not institute suit until November of 1979. Thus her action is barred by the statute of limitations regardless of the now expired grace period.

■ Finally, appellant contends that if we hold that the two year statute applies so as to bar her cause of action, then the statute as interpreted is unconstitutionally vague under the due process clause of the Pennsylvania and United States Constitutions.

In Tsarnas v. Jones & Laughlin Steel Corporation, 262 Pa.Super. 417, 421, 396 A.2d 1241, 1243 (1978), aff'd, 488 Pa. 513, 412 A.2d 1094 (1980), we summarized the principles to be considered in addressing a claim of unconstitutionality as follows:

"Any discussion of the constitutionality of lawfully-enacted legislation must commence with the restatement of

the principle of law which creates a 'presumption' in favor of constitutionality. 'An Act of Assembly will not be declared unconstitutional unless it clearly, palpably and plainly violates the Constitution.' . . . '[T]he burden rests heavily upon the party seeking to upset legislative action on constitutional grounds; all doubt is to be resolved in favor of sustaining the legislation.' . . ." (Emphasis in original; citations and footnote omitted.) *Singer v. Sheppard*, 464 Pa. 387, 393, 346 A.2d 897, 900 (1975).

Furthermore, ambiguity alone will not support a conclusion of unconstitutionality for reasons of vagueness. *Singer v. Sheppard*, 33 Pa.Commw. 276, 283, 381 A.2d 1007, 1010 (1978).

Applying these standards to section 5524(4), and in light of the foregoing discussion, we can not hold that it is so ambiguous as to violate due process.

Appellant's cause of action is barred by the two year statute of limitations contained in 42 Pa.C.S.A. § 5524(4) and, accordingly, the trial court properly dismissed the action as untimely filed.

Judgment affirmed.