452 A.2d 257

**Robert D. WILSON and Carolyn W. Wilson, his wife, Appellants**

v.

**CENTRAL PENN INDUSTRIES, INC., a Pennsylvania corporation.**

Superior Court of Pennsylvania.

Argued Dec. 1, 1981.

Filed Oct. 29, 1982.

David A. Johnston, Harrisburg, for appellants.

Walter W. Wilt, Harrisburg, for appellee.

Before BROSKY, WIEAND and MONTEMURO, JJ.

WIEAND, Judge:

In this appeal we are required to construe Section 25(a) of the Act of July 9, 1976, P.L. 586, No. 142, effective June 27, 1978,[1] and determine whether it was intended to reduce the two year limitation established by the Judicial Code, 42 Pa.C.S.A. § 5524, for the commencement of an action for trespass to real estate. The trial court held that the statute of limitations had been so reduced and granted a motion for summary judgment which dismissed an action for blasting damages which had occurred less than 23 months prior to commencement of the action. We reverse.

When we review the entry of summary judgment, we view the pleadings, depositions and affidavits of record in the light most favorable to appellants, the non-moving parties. *Thompson Coal Co. v. Pike Coal Co.,* 488 Pa. 198, 204, 412 A.2d 466, 469 (1979); *Aimco Imports, Ltd. v. Industrial Valley Bank and Trust Co.,* 291 Pa.Super. 233, 236, 435 A.2d 884, 885 (1981); *Taylor v. Tukanowicz,* 290 Pa.Super. 581, 586, 435 A.2d 181, 183 (1981). Thus, in the instant case it appears that the residence of Robert and Carolyn Wilson in Susquehanna Township, Dauphin County, as well as their water and septic systems, were damaged by blasting operations carried on between September 28, 1977 and November

1. This section appears in the note following 42 Pa.C.S.A. § 5524.

9, 1977. The blasting had been done by Central Penn Industries, Inc. during the course of road construction performed under a contract with PennDOT. An action in trespass to recover damages was commenced by praecipe for writ of summons filed on August 28, 1979, less than two years after the blasting damages had occurred. After the pleadings had been closed and discovery completed, Central Penn Industries filed a motion for summary judgment. This motion relied upon Section 25(a) of the Act of July 9, 1976. Appellee contended that the Wilsons' action was barred because it had been commenced more than one year following the statute's effective date of June 27, 1978. The trial court accepted this argument and entered judgment in favor of Central Penn Industries. The Wilsons appealed.

Prior to enactment of the Judicial Code in Pennsylvania, the statute of limitations pertaining to actions for trespass to real estate had been six years. The period was reduced to two years by Section 5524 of the Judiciary Act of July 9, 1976, P.L. 586, No. 142, 42 Pa.C.S.A. § 5524, effective June 27, 1978.[2] However, Section 25(a) of the Act, which appears in the note following 42 Pa.C.S.A. § 5524, provides:

(a) Any civil action or proceeding:

(1) the time heretofore limited by statute for the commencement of which is reduced by any provision of this act; and

2. 42 Pa.C.S.A. § 5524 provides:

§ 5524. Two year limitation

The following actions and proceedings must be commenced within two years:

(1) An action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process.

(2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.

(3) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof.

(4) An action for waste or trespass of real property.

(5) An action upon a statute for a civil penalty or forfeiture, where the action is given to a government unit.

(6) An action against any officer of any government unit for the nonpayment of money or the nondelivery of property collected upon on execution or otherwise in his possession.

(2) which is not fully barred by statute on the day prior to the effective date of this act;

may be commenced within one year after the effective date of this act, or within the period heretofore limited by statute, whichever is less, notwithstanding any provisions of Subchapter B of Chapter 55 of Title 42 (relating to civil actions and proceedings) or any other provision of this act providing a shorter limitation.

■ In determining the legislative intent, the sections of a statute must be read together and construed with reference to the entire statute. *In Interest of Jones*, 286 Pa.Super. 574, 586, 429 A.2d 671, 677 (1981); *Wolfe v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety*, 24 Pa. Commonwealth Ct. 261, 265, 355 A.2d 600, 602 (1976); *Commonwealth of Pennsylvania, Insurance Department v. Adrid*, 24 Pa. Commonwealth Ct. 270, 275, 355 A.2d 597, 599 (1976); 1 Pa.C.S.A. § 1922. A construction which fails to give effect to all provisions of a statute or which achieves an absurd or unreasonable result must be avoided. *In Interest of Jones, supra; Valley Forge Industries, Inc. v. Armand Construction, Inc.*, 38 Pa. Commonwealth Ct. 603, 606, 394 A.2d 677, 678 (1978); 1 Pa.C.S.A. §§ 1921, 1922.

These principles are helpful in construing the statutory provisions being examined instantly. They suggest that with respect to an action for trespass to real estate the legislature intended to create a two year statute of limitations. It would be unreasonable, perhaps even absurd, for the legislature to reduce this two year period for causes of action which had arisen within two years of the statute's effective date. This is particularly so where, as here, the prior statute of limitations had been six years.

■ A more reasonable construction is to limit the application of Section 25(a) to those causes of action which accrued within six years prior to June 27, 1978 and which would otherwise be barred by the shortened statute of limitations contained in the Judicial Code. It is also applicable where

the two year period of limitations created by the Judicial Code would expire prior to June 27, 1979. It is a "relief provision" whose effect is restricted to those situations where the period of limitation under the Judicial Code is shorter than the one year grace period contained in Section 25(a). This is the interpretation suggested by the P.B.A. Judicial Code Explanation appearing at 42 Pa.C.S.A. XVII–XVIII (Purdons, 1981).

This interpretation is also consistent with prior decisions of this Court. See: *Tenny v. Dauphin Deposit Bank and Trust Co.*, 302 Pa.Super. 342, 348–350, 448 A.2d 1073, 1076–1077 (1982); *Crisante v. J.H. Beers, Inc.*, 297 Pa.Super. 337, 342, 443 A.2d 1150, 1153 (1982); *Brown v. Cooney*, 296 Pa.Super. 117, 118, 442 A.2d 324, 325 (1982); *Tioga Coal Co. v. Supermarkets General Corp.*, 289 Pa.Super. 344, 349 n. 6, 433 A.2d 483, 485 n. 6 (1981).

" '[W]hile the legislature may shorten the time in which suits to enforce existing rights of action may be commenced, a reasonable time must be given by the new law for the commencement of suit before the bar takes effect.' Hence the Pennsylvania Legislature included in the Judicial Code a 'savings clause' when it enacted the new statute of limitations provisions." *Crisante v. J.H. Beers, Inc., supra,* 297 Pa.Super. at 342, 443 A.2d at 1153, quoting *Ferki v. Frantz's Transfer Co.,* 152 Pa.Super. 267, 269, 31 A.2d 586, 587–588 (1943). Section 25(a) created a one year grace period terminating June 27, 1979. It did not preclude the bringing of later actions not barred by the two year statute of limitations contained in 42 Pa.C.S.A. § 5524; it did not sooner bar actions otherwise permitted within the time constraints of the general statute of limitations.

It follows that appellants' action was timely commenced, and the trial court erred in entering summary judgment for the appellee.

Reversed and remanded.