## Potter v. Otterson

*Albert J. Slap,* for plaintiffs.
*Anthony DiSanto,* for defendant.

SPICER, *P.J.,* June 30, 1987—Plaintiffs file for summary judgment and seek to have a judicial determination that their action was timely filed. De-

fendant has filed no motion but requests judgment as a part of his answer of plaintiffs' motion.

The court considered other pretrial motions on March 9, 1987, and granted plaintiffs the right to amend their complaint. However, no ruling was made on which statute of limitations was applicable or when plaintiffs' cause of action occurred.

This case arises out of an application of chlordane by defendant to terminate termites on plaintiffs' real estate. Plaintiffs concede their cause of action occurred May 13, 1981.

Prior to the enactment of the Judicial Code, the period of limitations for trespass to real estate was six years and two years for personal injury. 12 P.S. §31, 34 (now repealed). The code in effect when the cause of action occurred read in pertinent part:

"[T]he following actions and proceedings must be commenced within two years:

"(1) An action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process,

"(2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another,

"(3) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof,

"(4) An action for waste or trespass of real property,

"(5) An action upon a statute for a civil penalty or forfeiture, where the action is given to a government unit,

"(6) An action against any officer of any government unit for the non-payment of money or the non-delivery of property collected upon on execution or otherwise in his possession." 42 Pa.C.S. §5524.

This section was amended on December 20, 1982, to take effect in 60 days and now reads:

"[T]he following actions and proceedings must be commenced within two years:

"(1) An action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process,

"(2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another,

"(3) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof,

"(4) An action for waste or trespass of real property,

"(5) An action upon a statute for a civil penalty or forfeiture,

"(6) An action against any officer of any government unit for the non-payment of money or the non-delivery of property collected upon on execution or otherwise in his possession,

"(7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter." 42 Pa.C.S. §5524, as amended.

Section 5527(6) provides that actions not otherwise covered are subject to a six-year limitation.

Plaintiffs argue that this action is not covered by section 5524(4) because it involved negligent applications of chlordane and was not trespass in the usual sense. The argument goes on that until the adoption of section 5524(7) no particular provisions

applied and the applicable statute period was six years.

Although there are no cases exactly on point, Superior Court's discussion in *Crisante v. J. H. Beers Inc.*, 297 Pa. Super. 337, 443 A.2d 1150 (1982), is pertinent. The court said:

"No specific provision other than section 5524(4) is arguably applicable to this cause of action. Our decision therefore depends on whether the phrase 'trespass of real property' must be interpreted narrowly as applicable only to actions which allege an intentional intrusion upon the land of another or whether it is applicable to any tortious act causing damage to real property alleged in an action brought in trespass. For the following reasons we adopt the latter position and therefore conclude that section 5524(4) governs causes of action alleging negligent infliction of damage to real property.

"Appellant would have us limit the new two-year statute of limitations to cases alleging an intentional intrusion on the land of another. The concept of trespass, however, is not so limited. By definition it includes the 'doing of [an] unlawful act or of [a] lawful act in [an] unlawful manner to [the] injury of another's person or property,' and 'comprehends not only forcible wrongs, but also acts the consequences of which make them tortious.' Black's Law Dictionary (Fifth Ed. 1979). The negligence appellant alleges, i.e., appellee's use of its heavy equipment in such a manner as to cause damage to her real property, is within this definition because it is the doing of a 'lawful act in [an] unlawful manner.'

"When actions for negligently inflicted injuries to property were first recognized at common law, they were classified under the common law writ of 'trespass on the case,' or simply 'case.' A writ of 'trespass'

was at that time associated with intentional torts. However, Pennsylvania long ago abolished procedural distinctions between actions in trespass and those in trespass on the case, and made all such torts actionable in 'trespass.' 12 P.S. §2.2. It would certainly seem regressive for us to now conclude that the legislature intended to create a distinction between limitation periods applicable to intentional and negligent acts causing damage to real property when it enacted the Judicial Code.

"We believe that a broad reading of section 5524(4) in fact comports with the intent of the drafters of the Judicial Code. The Pennsylvania Bar Association Judicial Code Explanation, which serves as a preface to the Judicial Code, notes that under section 5524:

'The periods applicable to conversion of or injury to personal property and waste or trespass to real property are reduced from six to two years to conform to the modern principle that claims based on conduct, and hence heavily relying on unwritten evidence, should have relatively short statutes of limitations, so as to bring them to trial (after allowance for pretrial delays) before memories have faded. The two-year statute is made the general statute for tort claims (libel, slander and invasion of privacy with one-year periods of limitations constitute the principal exceptions).' " Id. 297 Pa. Super. 337 at 339-341 and 43 A.2d 1150 at 1151-1152. (footnotes omitted).

Other cases holding that negligent intrusion constitutes a trespass include *County of Allegheny v. Merrit Construction Co.*, 309 Pa. Super. 1, 454 A.2d 1051 (1982), (landslide onto road); and *In re: Condemnation of Land in Township of Damascus*, 83 Pa. Commw. 76, 476 A.2d 489 (1984), (water encroachment).

It is true that defendant was on plaintiffs' land by permission but it is also true that the gravamen of the claim is an alleged tortious act which damaged real property. That is precisely how Superior Court defined "trespass of real property" in *Crisante*, supra.[1]

We do not read the 1982 amendment as changing Superior Court's interpretation. If anything, the amendment only broadened Superior Court's rationale by extending the two-year period to other cases not before that court.

Our conclusion is that plaintiffs' action is time barred by not having been filed within two years of the accrual of their cause of action.

Because of the procedural posture of this case, the attached order is entered.

## ORDER

And now, this June 30, 1987, the court rules that the case is governed by 42 Pa.C.S. §5524(4) and refuses plaintiffs' motion for summary judgment. In the interest of judicial economy, judgment is entered in favor of defendant and against plaintiffs.

---

1. If different periods apply to trespass to land and to personal injuries, our former decision to allow amendment is arguably wrong. See footnote in *Pannill v. Seahorne*, 278 Pa. Super. 562, 420 A.2d 684 (1980).