## Francabandera v. Indian Mountain Lake Development Corp.

*James V. Fareri,* for plaintiffs.
*Donald G. Scheck,* for defendant.

O'BRIEN, *J.,* October 21, 1988—On July 19, 1973, plaintiffs Philip Francabandera et ux. executed an agreement of sale with defendant Indian Mountain Lake Development Corporation for the purchase of a house and lot situate in Tunkhannock Township, Monroe County, Pennsylvania. On August 17, 1973, plaintiffs Leonard Hershkowitz et ux. and Maurice Lehon et ux. executed a similar agreement of sale for the purchase of a separate house and lot in the same development. The defendant corporation delivered deeds to the properties to the purchasers in 1973. All plaintiffs com-

menced this action by praecipe for summons on January 4, 1985, and on April 13, 1987, filed their complaint alleging that defendant negligently designed, planned and supervised the construction of their homes. Defendant's responsive pleading raised the statute of limitations as a defense and subsequently the defendant filed motions for summary judgment which following briefs and argument are now before the court for disposition.

In the case at bar, the parties cannot agree as to which statute of limitations governs the current action. Defendant asserts that 42 Pa.C.S. §5524 should govern due to the language of plaintiffs' complaint: "Defendant *negligently* designed, planned and supervised . . ." Under section 5524, actions caused by another's negligence must be commenced within two years from the accrual of the action. *Trieschock v. Owens Corning Fiberglass Co.,* 354 Pa. Super. 263, 511 A.2d 863 (1986). In the alternative, defendant urges this court to employ the four-year limitations period of 42 Pa.C.S. §5525. In support of this proposition, defendant cites *Luden's Inc. v. Irwin and Leighton Inc.,* 28 D. & C. 3d 565 (1983) in which the Court of Common Pleas of Montgomery County held that causes of action based upon latent structural defects in buildings must be commenced within four years of the discovery of the defects.

Plaintiffs argue that the 12-year period described in 42 Pa.C.S. §5536 is the only applicable limitation on the commencement of their action. That provision of the Judicial Code provides as follows:

"(a) *General rule* — Except as provided in subsection (b), a civil action or proceeding brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of any improvement

to real property must be commenced within 12 years after completion of construction of such improvement to recover damagers for:

"(1) Any deficiency in the design, planning, supervision or observation of construction or construction of the improvement.

"(2) Injury to property, real or personal, arising out of any such deficiency.

"(3) Injury to the person or for wrongful death arising out of any such deficiency.

"(4) Contribution or indemnity for damages sustained on account of any injury mentioned in paragraph (2) or (3).

"(b) *Exceptions*—

"(1) If an injury or wrongful death shall occur more than 10 and within 12 years after completion of the improvement a civil action or proceeding within the scope of subsection (a) may be commenced within the time otherwise limited by this subchapter, but not later than 14 years after completion of construction of such improvement.

"(2) The limitation prescribed by subsection (a) shall not be asserted by way of defense by any person in actual possession or control, as owner, tenant or otherwise, of such an improvement at the time any deficiency in such an improvement constitutes the proximate cause of the injury or wrongful death for which it is proposed to commence an action or proceeding.

"(c) *No extension of limitation. — This section shall not extend the period within which any civil action or proceeding may be commenced under any provision of law.*" (emphasis added)

Subsection (c) makes it apparent that the above-quoted provision of law is not a statute of limitations but a statute of repose. In *Misitis v. Steel City Piping Co.,* 441 Pa. 339, 272 A.2d 883 (1971), the Su-

preme Court held that this statutory language does not effect a procedural change in the statute of limitations but rather completely eliminates all causes of action arising out of negligence in construction or design occurring more than 12 years before the accrual of plaintiffs' action. As the Superior Court stated in *A.J. Aberman Inc. v. Funk Building Corp.,* 278 Pa. Super. 385, 420 A.2d 594 (1980), if injury or damage should occur after the 12-year period, the particular statute of limitations applicable to the action might not commence to run until the discovery of the injury or damage but the statute of repose would preclude any action against the persons protected by the act without regard to whether the action was timely filed under the applicable statute of limitations.

However, our Superior Court also held in *A.J. Aberman Inc. v. Funk Building Corp., supra,* that in cases involving latent defects in construction, the statute of limitations will not start to run until the injured party becomes aware, or by exercise of reasonable diligence should have become aware, of the defect. Plaintiffs' complaint alleges that their damages were caused by a latent defect in the construction of the foundation of their homes which have come to their attention after several years of settlement. Plaintiffs' claim that the defective construction and resulting settlement resulted in their loss of use and enjoyment of their homes and a substantial diminution in their value. It is apparent that these allegations would constitute a latent defect and that plaintiffs commenced their action within the 12-year period prior to the elimination or abolishment of their cause of action. However, in ruling upon defendant's motion for summary judgment we must first determine the applicable statute of limitations and finally determine when plaintiffs became

aware, or by exercise of reasonable diligence should have become aware, of the alleged defects.

In *Luden's Inc. v. Irwin and Leighton Inc.*, 28 D.&C. 3d 565 (1983), Judge Brody of the Court of Common Pleas of Montgomery County made a comprehensive analysis of the statutes of limitations governing claims for latent defects in construction. We find the following analysis most persuasive:

"Over the past three decades, the Pennsylvania General Assembly has shortened and rendered uniform the statute of limitations period for actions in assumpsit.

"This progression dates from 1953, when the assembly, taking note of modern commercial practice, terminated the applicability of the general six-year assumpsit limitations period (12 P.S. §31, Act of March 27, 1793, 1 Sm.L. 76, §1.) to sales contracts by enacting Article 2 of the Uniform Commercial Code. 12A P.S. §2-725 (Purdon 1970), Act of April 6, 1953, P.L. 3, §2, §2-725 (reenacted Oct. 2, 1959, P.L. 1023, §2; recodified at 13 Pa.C.S. §2725 (Purdon 1983), Act of Nov. 1, 1979, P.L. 255, no. 86, §1). Article 2 [took] sales contracts out of the general laws limiting the time for commencing contractual actions and [selected] a four-year period as the most appropriate to modern business practice. Pennsylvania Uniform Commercial Code §2-725 comment at 583 (1970). One of the assembly's goals in reducing the limitations period was the preservation of evidence, especially impermanent evidence as to workmanship and the condition of the goods which were sold. Since such evidence was unwritten, and therefore less likely to remain immutable, the assembly felt that it necessitated an earlier trial than was required in cases involving only written evidence.

"The court holds that section 5525(1) applies to the present construction contract case, as specifically stated in *Crisante v. J.H. Beers Inc.*, 297 Pa. Super. 337, 341, 443 A.2d 1150, 1152 (1982). Such a holding follows from the expansive reading which the *Crisante* court gave to section 5525(4) in order to effectuate the 1976 legislature's intent to create a uniform statute of limitations. The result furthers the intent triggered by the 1953 legislature to shorten the statute of limitations period for those actions in which latent, unwritten evidence of workmanship is crucial. Furthermore, our holding is consistent with the language of section 5525(1), which focuses on contracts for construction where tangible personal property, such as the insulation and other building materials, is used." 28 D.&C. 3d at 570-3.

Therefore, we conclude that the four-year statute of limitations is applicable to the case at bar involving a claim for a latent defect in construction and the arguments of both parties for a shorter or longer period of limitations are without merit.

A party is entitled to summary judgment if the pleadings, depositions, answers to discovery and admissions of record show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b); *Taylor v. Tukanowicz,* 290 Pa. Super. 581, 435 A.2d 181 (1981). In considering a motion for summary judgment, the court must examine the record in a light most favorable to the non-moving party. *Id.; First Pa. Bank, N.A. v. Triester,* 251 Pa. Super. 372, 380 A.2d 826 (1977). Any and all doubts as to the existence of a genuine issue of material fact must be resolved in favor of the non-moving party. *Ritmanich v. Jonnel Enterprises Inc.,* 219 Pa. Super. 198, 280 A.2d 570 (1971). We also note that "ordinarily most questions relating to the appli-

cability of the defense of the statute of limitations are questions of fact to be determined by the jury." *Taylor v. Tukanowicz, supra;* 2 Standard Pa. Practice 289. However, in cases where the relevant facts are not disputed, whether the statute of limitations has run is a question of law for the judge and is properly resolved upon a motion for summary judgment. *Id.; Smith v. Bell Telephone Co. of Pa.,* 397 Pa. 134, 153 A.2d 477 (1959).

In applying this standard to the case at bar, we must determine when plaintiffs became aware, or by exercise of reasonable diligence should have become aware, of the defects in the construction of their homes. In determining this issue, we must accept only those facts that are clear from the record and are undisputed. The claims of Hershkowitz and Lehon on the one hand and the Francabanderas on the other hand must be separately evaluated in making a determination as to their respective claims. A review of the deposition of plaintiff Leonard Hershkowitz discloses the following testimony:

"We noticed in the bedroom the carpeting was lifting up from the perimeter of the house. The carpeting was coming away, so we looked, and we saw a big crack running the whole side of the perimeter in all the bedrooms all around the house, into the kitchen, into the bathroom, all around.

"There's a crack where you can put — you can put a ruler down 25 feet — I'm sorry, 25 inches, into the ground in the house. That's the kind of crack we have all around. That's what we saw. That was in 1977, '78."

Further, Mr. Hershkowitz testified of the following conversation with a representative of defendant:

"He told me, he says, well, you got two things you can do, basically. He says you could get someone to fill in all the cracks. He said that has happened be-

fore. It's not only — it's not the first time it's happened; it's happened with all Hertweck's houses. All right? That's the way he builds them. This was his words.

"He says you can get someone to fill it in, but, he says, I wouldn't advise you to do that now because you're going to have more cracking. It's going to keep cracking. It's going to get worse. Wait till the cracking stops. Then fill it in, and that's all you can do.

*"I said no, I can sue."* (emphasis added)

The testimony of Marion Hershkowitz, Maurice Lehon and Toby Lehon corroborated Leonard Hershkowitz's testimony that the defect and resulting damage was discovered before 1980. Further Mr. Hershkowitz expressly testified that he knew he had a right to sue the defendant before 1980. In view of the fact that this action was not commenced until 1985, it is apparent that the claims of the plaintiffs Hershkowitz and Lehon are barred by the four-year statute of limitations. (42 Pa.C.S. 5525)

On the other hand, the testimony of Mr. and Mrs. Francabandera is not as clear. While Mr. Francabandera testified that they discovered "cracks in their dining area" in the 1970's, Mrs. Francabandera testified that she discovered the problem four years prior to her deposition. The record is not clear as to the extent of their respective knowledge or whether they were aware, or by reasonable diligence should have been aware, of the significance of the defects. Further, the record is not clear as to when the Francabanderas became aware, or should have become aware, that they had a claim to be pursued against defendant. Therefore, in applying the standard for summary judgment to the facts of their claim, we conclude that an issue of fact remains to be resolved at trial.

## ORDER

And now, October 21, 1988, the motion of defendant, Indian Mountain Lake Development Corporation, for summary judgment is granted in part and denied in part and it is ordered as follows:

(1) Judgment is entered in favor of defendant Indian Mountain Lake Development Corporation and against the plaintiffs Leonard Hershkowitz, Marion Hershkowitz, Maurice Lehon and Toby Lehon.

(2) Defendant's motion for summary judgment with respect to the claims of plaintiffs Philip Francabandera and Gertrude Francabandera is denied.