610 A.2d 513

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF ENVIRONMENTAL RESOURCES, Petitioner,**

**v.**

**Carol RANNELS, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 16, 1992.

Decided May 22, 1992.

As Amended June 8, 1992.

Martha E. Blasberg, Asst. Counsel, for petitioner.

No appearance for respondent.

Before CRAIG, President Judge, and PELLEGRINI, J., and BLATT, Senior Judge.

PELLEGRINI, Judge.

The Commonwealth of Pennsylvania, Department of Environmental Resources (Department) appeals an Order of the Environmental Hearing Board (Board) that denied the Department's Motion for Summary Judgment in an appeal taken by Carol Rannels (Rannels) from a Compliance Order issued by the Department against her business, Crystal Springs Water Company (Crystal Springs).

Crystal Springs, located in Reinholds, Berks County, Pennsylvania, supplies drinking water to the public through four coin-operated dispensing machines, to which purchasers bring their own containers. The water system operated by Crystal Springs consists of three source wells with sediment filters, ultraviolet disinfection units and charcoal filters. On August 29, 1986, the Department issued a Water Supply Permit to Crystal Springs to begin its operation.

On February 27, 1990, after two prior Notices of Violation, the Department issued a Compliance Order finding that Crys-

tal Springs was a "bottled water system" under the Pennsylvania Safe Drinking Water Act (Act)[1] and under the regulations implementing the Act at 25 Pa.Code Chapter 109 and subject to those regulations. The Department specifically found that Rannels failed to comply with its regulations at 25 Pa.Code §§ 109.301(6)(i) and 109.303(a)(4) requiring bottled water suppliers to perform weekly microbiological monitoring at both the source well and the point of delivery.[2] The Department ordered Rannels to collect three microbiological samples, one from each of the three source wells, on a weekly basis and report the sample results to the Department.

Rannels filed an appeal from the Compliance Order with the Board, contending that Crystal Springs is not subject to the regulations cited by the Department. Rannels contends that Crystal Springs is not a "bottled water system" subject to the regulations in Chapter 109 because a "bottled water system" is defined at 25 Pa.Code § 109.1 as a "community water system" and that term includes only systems that serve 15 service connections year-round or regularly serve 25 year-round residents, facts which the Department fails to allege. The definitions in Section 109.1 provide in relevant part:

*Community water system—A public water system* which serves at least 15 service connections used by year-round

1. Act of May 1, 1984, P.L. 206, *as amended,* 35 P.S. §§ 721.1–721.17.
2. Section 109.301(6)(i) of the Department's regulations provides:
   (6) *Monitoring requirements for bottled water and bulk water systems.* Bottled water suppliers and bulk water suppliers shall, unless required to perform additional monitoring under § 109.302:
   (i) Perform microbiological monitoring weekly.
   25 Pa.Code § 109.301(6)(i).
   Section 109.303(a)(4) provides:
   (a) The samples taken to determine a public water system's compliance with MCLs [Maximum Contamination Level] or monitoring requirements shall be taken at the free flowing tap of the consumer, except:
   \*       \*       \*       \*       \*       \*
   (4) For bottled water systems, the samples shall be taken from the finished bottled water product or, *where no container is provided by the water supplier, at the point of delivery to the consumer, and shall include at least one representative sample from each source of water.*
   25 Pa.Code § 109.303(a)(4). (Emphasis added.)

residents *or regularly serves at least 25 year-round residents.*

(1) *Bottled water system*—A *community water system* which provides artificial or natural water whether or not containers are provided by the water supplier. The term includes, but is not limited to, *the sources of water, the treatment,* storage, bottling, manufacturing or *distribution facilities.*

25 Pa.Code § 109.1.  (Emphasis added.)

The Department responded by filing a Motion for Summary Judgment, contending that a bottled water system, by operation of the regulatory definition at 25 Pa.Code § 109.4(b), is deemed to be a community water system.  Section 109.4 provides that:

(b) *Bottled water* and bulk water hauling *systems,* unless specifically exempted, *shall comply with regulations applicable to community water systems,* except that provisions relating to water quantity and pressure in a distribution system do not apply.

25 Pa.Code § 109.4(b).  (Emphasis added.)

The Department contended that because Section 109.4(b) deemed all "bottled water systems" as "community water systems," the limitation on the size of the system in the definition of community water system at 25 Pa.Code § 109.1 is irrelevant and all bottled water systems must comply with the regulations in Chapter 109.

The Board denied the Department's Motion for Summary Judgment, holding that in order to be considered a bottled water system, the system must be a "community water system" as defined in Section 109.1.  The Board held that because the Department has not alleged that Crystal Springs regularly supplies water to 25 year-round residents, a material issue of fact exists as to whether the regulations cited by the Department are applicable to Crystal Springs.

The Department then filed a Request for Reconsideration to the Board *en banc* which was granted.  The Board *en banc* reached the same result.  Because it is a question of first

impression, the Board *en banc* certified it for an interlocutory appeal by permission to this Court pursuant to by Section 702(b) of the Judicial Code, 42 Pa.C.S. § 702(b). This Court granted the appeal.[3]

The Department contends that when it amended its regulations in 1984 to add those contained in Chapter 109, it intended bottled water systems to be deemed community water systems for purposes of imposition of the requirements of Chapter 109. The Department argues that the purpose of the amendments affecting bottle water were stated by the following comment made in the Pennsylvania Bulletin at the time the regulations were amended:

> Bottled water systems which were formerly regulated by the State under a separate law ... are defined as public water systems under the act and are *treated as community water systems in these regulations*. The definition of bottled water system includes only systems which provide water for bottling as drinking water. The Department interprets this definition as including any water bottled or marketed in a manner which provides a reasonable alternative to a tap water supply of drinking water.

14 Pa. B. 4480. (Emphasis added.)

The Department contends that if the regulation intended to subject bottled water systems to Chapter 109 regulations only after such systems first met the definitional requirement of a "community water system," it would not have stated that such systems will be "treated as community water systems in these regulations" as it did at the time it added them to the Chapter. *See* 14 Pa.B. 4480. The Department further argues that because its interpretation of its own regulations is entitled to deference, this Court should find that all bottled water systems are community water systems subject to the monitoring requirements of Chapter 109.

---

**3.** Our scope of review is limited to a determination of whether constitutional rights have been violated, errors of law have been committed, or whether substantial evidence exists to support the factual findings made. *Mathies Coal Company v. Pennsylvania Department of Environmental Resources*, 522 Pa. 7, 559 A.2d 506 (1989).

■ It is a well recognized rule of statutory construction that when the words of a statute are free and clear from all ambiguity, the letter of the provision is not to be disregarded under the pretext of its spirit. 1 Pa.C.S. § 1921(b); *Zimmerman v. O'Bannon*, 497 Pa. 551, 442 A.2d 674 (1982). Statutory provisions must also be read together and construed with reference to the entire act, and no provision should be construed in such a way as to render some other provision without effect. 1 Pa.Code § 1921(a); *Wilson v. Central Penn Industries*, 306 Pa.Superior Ct. 146, 452 A.2d 257 (1982). These same principles apply to the Department's regulations as well. *See* 1 Pa.Code § 1.7; *Bush v. Pennsylvania Horse Racing Commission*, 77 Pa.Commonwealth Ct. 444, 466 A.2d 254 (1983).

■ From a plain reading of the definitions in Section 109.1, a "bottled water system" must meet the definitional requirement of a "community water system," which is defined, in part, as a system which regularly serves 25 year-round residents. The language contained in the definitions of both "community water system" and "bottled water system" are clear and unambiguous and cannot be disregarded in favor of the intent the Department contends it expressed in the Pennsylvania Bulletin. Moreover, the definition of "bottled water system" is a sub-part of the definition of "community water system" making it clear that the requirements of both definitions must be met.

The Department argues that this interpretation renders Section 109.4(b) mere surplusage. However, this provision is consistent with the definitions in Section 109.1. Section 109.-4(b) can be read to provide that a bottled water system, if it meets the requirements as a community water system under Section 109.1, must also comply with all of the requirements of a community water system except for "provisions relating to water quantity and pressure in a distribution system," 25 Pa.Code § 109.4(b).

Accordingly, we hold that in order to be subject to the requirements placed on community water systems in Chapter 109, a bottled water system must regularly serve 25 year-

round residents as provided by the definition of community water system found at 25 Pa.Code § 109.1. We affirm the Order of the Board denying the Department's Motion for Summary Judgment and remand for further proceedings.

## ORDER

AND NOW, this 22nd day of May, 1992, the Order of the Environmental Hearing Board dated September 6, 1991, is affirmed and the case is remanded for further proceedings. Jurisdiction relinquished.

Jurisdiction relinquished.