Robert KIGHTLINGER, Appellant

v.

**BRADFORD TOWNSHIP ZONING HEARING BOARD and David Moonan and Terry Reiley.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 3, 2005.

Decided April 4, 2005.

Richard W. Mutzabaugh, Bradford, for appellant.

Daniel J. Hartle, Bradford, for appellee, Bradford Township Zoning Hearing Board.

Thomas G. Wagner, St. Marys, for appellees, David Moonan and Terry Reiley.

BEFORE: PELLEGRINI, Judge, and COHN JUBELIRER, Judge, and JIULIANTE, Senior Judge.

OPINION BY *Senior Judge* JIULIANTE.

Robert Kightlinger (Kightlinger) appeals from the July 2, 2004 order of the Court of Common Pleas of McKean County (trial court) that affirmed the February 5, 2004 order dismissing Kightlinger's land use appeal of the Bradford Township Zoning Hearing Board's (Board) decision to deny him a variance for the erection of a ten-foot high fence around a 25.5 acre tract of land to house a deer propagation area. Kightlinger alleges that the trial court erred by failing to conclude 1) that the Pennsylvania Game Commission's (Com-

mission) permit for wildlife propagation subjected permitted land to the control of the Commission and 2), that the municipality's ordinance was preempted by the Commission's regulations once a permit for wildlife propagation was issued. For the reasons that follow, we affirm.

Kightlinger is the owner of a 25.5 acre tract situated in Bradford Township, McKean County, Pennsylvania. The acreage is zoned as Forest Slope/Residence according to the Bradford Township (Township) Zoning Ordinance (Ordinance). Kightlinger obtained a special permit issued by the Commission on July 3, 2002, allowing for wildlife propagation, specifically, the presence of deer on his property. Deer propagation is a permitted use in the Forest/Slope Residence District under Chapter 27, § 200–1 of the Ordinance. In addition, Chapter 27, § 620–8 of the Ordinance limits fence height in such areas to six feet or no more than eight feet when approved by the Board. The Commission's regulations set forth that a deer propagation area surrounded by fence ten feet high need *not be covered.* 58 Pa.Code § 147.203(a)(2).[1] Kightlinger sought a variance of the Ordinance from the Board on the basis that the Commission's regulations required him to erect a ten-foot high fence to operate a deer propagation area.

On August 29, 2002, the Board denied Kightlinger's request for a variance reasoning that he failed to meet his burden pursuant to Chapter 27, § 910–4(2) of the Ordinance to present evidence or testimony sufficient to demonstrate that "because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity

---

1. Section 147.203(a)(2) states in pertinent part that pens, shelters, and enclosures shall be "[c]overed and completely surrounded by appropriate materials to confine the species being propagated and exclude surrounding wildlife. Areas for hooved animals which are surrounded by a fence *at least 10 feet in height* need not be covered." 58 Pa.Code § 147.203(a)(2)(emphasis added).

with the provisions of the [Ordinance] and that the authorization of a variance is therefore necessary to enable to [sic] reasonable use of the property." *See* Board's decision, R.R. 32a. The Board also determined that Kightlinger failed to demonstrate that any physical condition or other circumstances existed prohibiting the use of the property for any of the other permitted uses in a Forest/Slope Residence District. *Id.*

On appeal to the trial court, Kightlinger argued that once the Commission had issued him a special permit, his land was then under the control of the Commission thereby preempting the Township's fence restriction. Kightlinger also argued that such a determination was supported by the fact that the Township had no ordinance regulating a wildlife propagation area.

On February 5, 2004, the trial court denied Kightlinger's appeal. With respect to preemption, the trial court, citing *Pacurariu v. Commonwealth,* 744 A.2d 389 (Pa. Cmwlth.2000), set forth that a state agency must comply with local zoning and land use restrictions in the absence of a clear legislative intent to give the agency preemptive land use powers. Since the regulation relied upon by Kightlinger provided only that "[a]reas for hooved animals which are surrounded by a fence at least 10 feet in height need not be covered," 58 Pa.Code § 147.203(a)(2), the trial court concluded that the Commission's regulations governing propagation did not evidence an intent to supercede local zoning regulations. *See* Trial Court's Opinion at p. 3, R.R. 64a.

The trial court also found that Kightlinger failed to meet his burden for a variance under Section 910.2(a) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10910.2(a),[2] and Chapter 27, § 910–4(2) of the Ordinance. Accordingly, the trial court held that the Board did not abuse its discretion in denying Kightlinger's application for a variance. *See* Trial Court's Opinion at p. 4, R.R. 65a. Kightlinger subsequently filed a Motion for Reconsideration which the trial court granted on March 9, 2004. R.R. 68a. After conducting argument, the

2. Section 910.2(a) of the MPC provides that:

a) The board shall hear requests for variances where it is alleged that the provisions of the zoning ordinance inflict unnecessary hardship upon the applicant. The board may by rule prescribe the form of application and may require preliminary application to the zoning officer. The board may grant a variance, provided that all of the following findings are made where relevant in a given case:

(1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property and that the unnecessary hardship is due to such conditions and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located.

(2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property.

(3) That such unnecessary hardship has not been created by the appellant.

(4) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare.

(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.

53 P.S. § 10910.2(a).

trial court reinstated its order of February 5, 2004 by way of order dated July 2, 2004.[3] R.R. 99a.

Kightlinger first argues that the Commission's permit for wildlife propagation subjected his land to the control of the Commission. Kightlinger cites Section 721 of the Game and Wildlife Code (Game Code), 34 Pa.C.S. § 721, which provides that

> [t]he administration of all lands or waters owned, leased or otherwise controlled by the commission shall be under the sole control of the director, and the [C]ommission shall promulgate regulations consistent with the purpose of this title for its use and protection as necessary to properly manage these lands or waters. The acquisition, use and management of such lands or waters owned, leased *or otherwise controlled by the [C]ommission,* including timber cutting and crop cultivation, *shall not be subject to regulation by counties or municipalities.* (Emphasis added).

Kightlinger also contends that the issuance of a permit for the deer propagation area subjected his land to the Commission's various rules and regulations. *See* 58 Pa.Code § 147.1 (stating "[t]his chapter regulates the activities of persons who apply for, receive or conduct activities under the authority of a permit issued under the act or this part...."). Furthermore, Kightlinger argues that in *Pacurariu,* this Court recognized the clear legislative intent of Section 721 of the Game Code to give the Commission power to regulate land under its control. Thus, Kightlinger concludes that the Game Code is not to be limited by municipalities, and most importantly, in circumstances where a valid permit was already issued by the Commission. We disagree.

■ As the Board has appropriately reasoned in its brief, the fact that Kightlinger simply obtained a deer propagation permit from the Commission cannot serve to circumvent a duly-enacted local zoning ordinance. In fact, Kightlinger has failed to provide any statutory authority or case law demonstrating that the issuance of a permit by the Commission has the direct effect of superceding the authority and control of the Township for purposes of regulating propagated land pursuant to the local Ordinance.

In addition, Kightlinger's reliance on *Pacurariu* is misguided. Although it is clear that *Pacurariu* does in fact hold that the acquisition, use, and management of lands leased or "otherwise controlled" by the Commission shall not be subject to regulation by counties or municipalities, there is nothing in *Pacurariu* that suggests that control by the Commission over propagated land is deemed by virtue of the issuance of a permit. Furthermore, in *Pacurariu,* the shooting range at issue was being constructed on land already owned by the Commission as opposed to here, where private land was owned and leased by Kightlinger. As the trial court so aptly stated, *Pacurariu* and the "otherwise controlled" language of Section 721 of the Game Code cannot "be read as broadly as Kightlinger suggests." Trial Court's Opinion at p. 3, R.R. 97a. Thus, it was not an error for the trial court to affirm the Board's determination that the Commis-

---

**3.** Where the trial court took no additional evidence, this Court's review is limited to determining whether the zoning hearing board committed an abuse of discretion or an error of law in denying the variance. *Valley View Civic Ass'n v. Zoning Board of Adjust-* *ment,* 501 Pa. 550, 462 A.2d 637 (1983). An abuse of discretion will be found only when the board's findings are not supported by substantial evidence, which is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

sion's issuance of a permit for wildlife propagation did not subject permitted land to the control of the Commission. *Pacurariu.*

■ Kightlinger further argues that the Township's Ordinance was preempted by the Commission's regulations once a permit was issued. Specifically, Kightlinger cites *Council of Middletown Tp., Delaware County v. Benham,* 514 Pa. 176, 523 A.2d 311 (1987), for the proposition that a state is not presumed to have preempted a field merely by legislating it, but rather that the General Assembly must clearly show its intent to preempt a field in which it has legislated. Furthermore, Kightlinger cites this Court's holding in *Duff v. Tp. of Northampton,* 110 Pa.Cmwlth. 277, 532 A.2d 500, 504 (1987), for the proposition that while "the Game Law does not on its face expressly forbid local legislation, it is nevertheless self-evident that a municipal ordinance cannot be sustained to the extent that it is contradictory or inconsistent with the state statute. In other words, it cannot permit what a state statute or regulation forbids or prohibit what the state enactments allow."

Kightlinger contends that regulations pertaining to animal enclosures have been established by the Commission, namely, 58 Pa.Code § 147.203(a)(2), which explicitly sets forth that propagated areas for hooved animals that are surrounded by a fence at least 10 feet high need not be covered. Accordingly, Kightlinger reasons that because of the large size of the area, it is not feasible for his deer propagation area to be covered, necessitating the erection of the ten-foot fence. Additionally, Kightlinger states that the Township's Ordinances may not be inconsistent with the Commission's regulations. *See* Section 1506 of The Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. § 66506 ("The board of supervisors

may make and adopt any ordinances, by-laws, rules and regulations not inconsistent with or restrained by the Constitution and laws of this Commonwealth....."). Thus, Kightlinger concludes that since the Township's fence limitation is both preempted by and inconsistent with the Commission's regulations, it was error for the Board and trial court to deny an accommodation in the form of a variance. We similarly disagree.

■ The state is not presumed to have "preempted a field merely by legislating in it." *Council of Middletown Tp.,* 514 Pa. at 180, 523 A.2d at 313. Rather it must be shown that the General Assembly intended to preempt a field in which it has legislated. *Id.* The test for preemption in Pennsylvania is that either the statute must state on its face that local legislation is forbidden or indicate "an intention on the part of the legislature that it should not be supplemented by municipal bodies...." *Western Pennsylvania Rest. Ass'n v. City of Pittsburgh,* 366 Pa. 374, 381, 77 A.2d 616, 620 (1951). If the General Assembly has preempted a field, the state has retained all regulatory and legislative power for itself and no local legislation is permitted. *Id.* Furthermore, "in determining the legislative intent, the sections of a statute must be read together and construed with reference to the entire statute." *Wilson v. Cent. Penn Indus. Inc,* 306 Pa.Super. 146, 452 A.2d 257, 259 (1982).

Analyzing Section 721 of the Game Code and 58 Pa.Code § 147.203(a)(2), we find that Kightlinger has failed to establish that the legislature clearly intended to preempt local regulations pertaining to propagation areas.

It is important to note that Section 728(a) of the Game Code, 34 Pa.C.S. § 728(a), states in pertinent part that

[t]he commission may set aside, in its discretion, areas as it may judge best for

the protection and propagation of game or wildlife on any portion of lands under its control, *either by title or lease,* wherein game or wildlife shall not be hunted, pursued, disturbed, molested, killed or taken at any time except as authorized by the commission. The commission may promulgate regulations governing conduct on or within publicly or privately owned lands within this Commonwealth *with the approval of the proper authorities or person or persons owning or controlling same.* (Emphasis added.)

■ As the Board correctly states in its brief, absent some form of ownership or lease, the Commission does not control properties merely by the issuance of a permit as in the present case. *See* Board's Brief at p. 4. Furthermore, there is nothing in Section 721 of the Game Code that could be interpreted as giving the Commission preemptive land use powers over the Township with respect to propagated lands. Also, 58 Pa.Code § 147.203(a)(2) merely sets forth that areas not covered for hooved animals must be surrounded by a fence at least 10 feet high. As a result, there is nothing in the plain language of the statute to suggest a clear intent by the legislature to preempt.

Thus, the trial court did not abuse its discretion and had substantial evidence upon which to affirm the Board. Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 4th day of April, 2005, the July 2, 2004 Order of the McKean County Court of Common Pleas is AFFIRMED.