In Re: Condemnation of Land in Township of Damascus, Wayne County, etc. Lloyd F. Canfield and Eloise L. Canfield, Appellants.

Argued April 4, 1984, before President Judge CRUMLISH, JR. and Judges MACPHAIL and COLINS, sitting as a panel of three.

*John T. McLane, Thomas J. Foley, Jr. and Associates, P.C.,* for appellants.

*Sarah Slesinger Smith,* with her, *George A. Welsh, David F. Snyder,* Deputy Attorney General, *Herbert L. Olivieri,* Chief, Torts Litigation Unit, and *LeRoy S. Zimmerman,* Attorney General, for appellees.

OPINION BY JUDGE MACPHAIL, June 5, 1984:

Lloyd F. and Eloise L. Canfield (Petitioners) appeal from an order of the Court of Common Pleas of Wayne County which granted the preliminary objections of the Commonwealth of Pennsylvania and the Department of Environmental Resources (Commonwealth) and dismissed Petitioners' action.

The trial court found that Petitioners own land which fronts upon the Delaware River (River). Beginning as early as 1931, the states of New York, New Jersey and Pennsylvania have entered into agreements over the use of the waters of the River. Pursuant to those agreements, New York City has used water from

the River in accordance with a management scheme which involves diversion of water and compensatory release from various reservoirs constructed on the River.

Petitioners allege damages to the use of their property for fishing, recreation and other purposes caused by changes in the amount of water flowing in the River because of the dams and reservoirs, and changes in temperature following the release of cold water from the bottoms of the reservoirs into the River. Petitioners claim a right to recovery from the Commonwealth alleging that the Commonwealth unlawfully ceded the Petitioners' riparian rights in the various agreements over the use of the River.

Petitioners claim damages beginning in 1956 when the Pepacton Reservoir and Dam first spilled, continuing through 1967 when the Cannonsville Dam spilled for the first time, and occurring continually to the present as water is diverted from and released into the River.

In the court of common pleas, Petitioners petitioned for the appointment of a Board of View or, in the alternative, leave to proceed at law for damages for a continuing trespass, both negligent and intentional.

The Commonwealth responded with preliminary objections in the nature of a demurrer and raising the statute of limitations.[1]

We look first at Petitioners' claim in eminent domain. Regardless of whether any cause of action

---

[1] We note that both sovereign immunity and the statute of limtiations here raised should have been raised by the Commonwealth in an answer with new matter. Pa. R.C.P. Nos. 1017 and 1030. Petitioners not having properly objected and the trial court having ruled upon these matters, we will consider Petitioners' objections to this procedure to have been waived.

which Petitioners may have had[2] accrued in 1956 or 1967, it is barred by the statute of limitations. In 1956, the relevant statute of limitations in eminent domain was six years.[3] A six year statute of limitations remained effective through 1967.[4] Obviously, either date upon which Petitioners rely is more than six years prior to the filing of this action in 1982.

Alternatively, Petitioners argue that the harm to their property constitutes a taking subject to a twenty-one year statute of limitations.[5] Section 25(b) of the Judiciary Act of 1976,[6] in reference to the Judicial Code, provides that "[n]o cause of action fully barred prior to the effective date of this act shall be revived by reason of the enactment of this date." Section 55-30 of the Judicial Code did not become effective until June 27, 1978, more than six years after the 1967 harm Petitioners allege. Therefore, this cause of action was fully barred because the statute of limitations had run prior to the effective date of Section 5530 of the Judicial Code.

Turning to the allegations of trespass, Petitioners allege that the Commonwealth is responsible for a con-

---

[2] Because we are able to dispose of this matter on the basis of the preliminary objections, it is unnecessary to discuss the exact nature of the Petitioners' riparian rights.

[3] Section 2 of the Act of April 3, 1956, P.L. (1955) 1366, *formerly* 26 P.S. §152, repealed by Section 902 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-902.

[4] Section 524 of the Eminent Domain Code, 26 P.S. §1-524, repealed by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a)[1376]. A similar provision is now found in Section 5527 of the Judicial Code, 42 Pa. C. S. §5527.

[5] Section 5530(a)(3) of the Judicial Code, 42 Pa. C. S. §5530(a)-(3).

[6] Act of July 9, 1976, P.L. 586.

tinuing trespass and that their property rights and premises have been injured. Because the result of this continuing trespass is a permanent harm, "there can be but a single action therefor to recover past and future damages and the statute of limitations runs against such cause of action from the time it first occurred or at least from the date it should reasonably have been discovered." *Sustrick v. Jones & Laughlin Steel Corp.*, 413 Pa. 324, 328, 197 A.2d 44, 47 (1964). Even using the later date alleged by Petitioners, 1967, the two year statute of limitations[7] had run by the time the Petitioners filed this action in 1982.

Assuming, arguendo, that Petitioners' claims in trespass are not time barred, the court of common pleas properly held that the defense of sovereign immunity[8] exists for the Commonwealth as to any cause of action of Petitioners which may have arisen within two years of the date of filing this action. Petitioners' argument that this statutory sovereign immunity is unconstitutional is without merit. *Marino v. Seneca Homes, Inc.*, 63 Pa. Commonwealth Ct. 534, 439 A.2d 1287 (1981).

For the reasons stated above, we affirm the order of the court of common pleas.

ORDER

The order of the Court of Common Pleas of Wayne County dated November 5, 1982, No. 2-E.D.—1982, is hereby affirmed.

Judge COLINS dissents.

---

[7] Section 1 of the Act of March 27, 1713, 1 Sm. L. 76, *as amended*, 12 P.S. §31, repealed by Section 2(a) of the Judiciary Act Repealer Act. 42 P.S. §20002(a) [9]. A similar provision is now found in Section 5524 of the Judicial Code, 42 Pa. C. S. §5524.

[8] *See* Sections 8521 and 8522 of the Judicial Code, 42 Pa. C. S. §§8521 and 8522.