517 A.2d 1381

Angelo Mancia and Josephine Mancia, his wife, Appellants *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued September 12, 1986, before Judges MAC-PHAIL and PALLADINO, and Senior Judge BLATT, sitting as a panel of three.

*Peter Comerota,* for appellants.

*John T. Clary, Jr.,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Henry G. Barr,* General Counsel, for appellee.

OPINION BY JUDGE MACPHAIL, November 19, 1986:

Angelo and Josephine Mancia (Appellants) appeal an order of the Court of Common Pleas of Pike County granting the Appellee Pennsylvania Department of Transportation's (Department) Motion for Summary Judgment. We affirm.

In 1964, the Department began planning to renovate a portion of Legislative Route 254, Section 9 (Route 507) along the eastern shore of Lake Wallenpaupack in Palmyra Township, Pike County. Then Governor William Scranton signed condemnation plans for the construction on May 25, 1964 and the plans were filed in the Pike County Courthouse.[1]

In order to implement the construction plans, which included widening the road thirty-two feet, the Department needed to acquire land from property owners along that stretch of Route 507 between the highway and the lake. The Department negotiated with one such property owner, George Drann, for a portion of his property which ran from the road down to the lake front. A final settlement was reached on December 16,

---

[1] The procedure followed was that then prescribed in the State Highway Law, Act of June 1, 1945, P.L. 1242, *as amended,* 36 P.S. §§670-101—670-1102.

1964, and the parties executed a Deed of Release and Quitclaim for which Drann was paid $3,265. On February 3, 1965, Drann sold his property to the Appellants. The deed conveying the property stated that the conveyance was "SUBJECT to the right of way of Pennsylvania Route No. 507 (January 1965) which runs across the southwesterly side of the above-described premises for public road purposes."

The reconstruction of Route 507 involved, in addition to changing its width, changing the existing drainage system by replacing a twelve-inch drainage pipe with a new eighteen-inch pipe, above what is now the Appellants' property. The Appellants began to notice rainwater flowing from this drainage pipe onto their property in 1965.[2] They allege that the water has eroded the soil, creating a ditch or gully. This condition has existed since the pipe was replaced in 1965 and, according to the Appellants, actually continues to worsen as more and more soil is eroded from the ditch.[3] Appellants, however, made no complaint to the Department until 1972.

Unsatisfied with the Department's lack of response to their complaints, Appellants brought an action in trespass against the Department on March 2, 1983, claiming damages of $65,000. After depositions were taken and entered into evidence before the trial judge, the Department moved for summary judgment. The motion was granted on November 5, 1985, the trial court holding that the Deed of Release and Quitclaim signed by Drann barred Appellants' claim for damages and that the suit was also barred by the statute of limitations. Appellants subsequently appealed to this Court.

---

[2] Deposition of Angelo Mancia from October 25, 1985 at 14; Reproduced Record (R.R.) at 14c.

[3] Deposition of Angelo Mancia at 30-31; R.R. at 30c-31c.

On appeal, Appellants raise the following issues: (1) whether summary judgment was properly granted; (2) whether the release executed by Drann was effective to bar their claim against the Department; and (3) whether the statute of limitations bars their claim for a continuing trespass.

It is well-settled that summary judgment is only proper when a case is free from all doubt; that is when the moving party has established that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Consumer Party of Pennsylvania v. Commonwealth of Pennsylvania,* 510 Pa. 158, 507 A.2d 323 (1986); *Pennsylvania Funeral Directors Association v. State Board of Funeral Directors,* 90 Pa. Commonwealth Ct. 175, 494 A.2d 67 (1985), *aff'd,* 510 Pa. 602, 511 A.2d 763 (1986). *See also* Pa. R.C.P. No. 1035(b). Appellants contend that there were unresolved issues of material fact and that therefore the trial court erroneously entered the summary judgment. We do not agree.

As stated by the trial judge: "It appears that there is no genuine issue as to any material fact. The parties agree that damage has been done by erosion; and that the land in question was taken pursuant to Eminent Domain proceedings, for which a deed of release and quitclaim were issued by the Defendant some twenty-one years ago." Slip Op. at 2-3. The record clearly supports the trial court's analysis. Recognizing that on appeals of summary judgments we may reverse the trial court only if there has been an error of law or a clear and manifest abuse of discretion, *Peters Township School Authority v. United States Fidelity and Guaranty Co.,* 78 Pa. Commonwealth Ct. 365, 467 A.2d 904 (1983), we hold that summary judgment was properly granted in this case.

Appellants' second contention is that the release and quitclaim executed by Drann, Appellants' predecessor in interest, should not bar their claim for damages against the Department. This release provides in part:

Mr. Drann does hereby release, quitclaim and forever discharge the Commonwealth and/or any agency or political subdivision thereof, and/or their employees or representatives, of and from all suits, damages, claims, and demands whatsoever, in law or equity or otherwise, against it or them or any of them, for or on account of any taking, injury, or *destruction of property, through or by reason of the condemnation in construction of the said highway, including* the change of any streams, water causes, *drainage or drainage structures or facilities,* or through or by reason of the subsequent maintenance thereof according to the standards of the Department of Highways. (Emphasis added.)

We recognize that such releases must be carefully scrutinized to prevent overreaching by the releasee. *Restifo v. McDonald,* 426 Pa. 5, 230 A.2d 199 (1967). The party seeking to set aside the release, however, must establish by clear, precise and convincing evidence either fraud, duress or deception by the Department, or a mutual mistake of material fact by the parties to the instrument. *McClelland Appeal,* 430 Pa. 284, 242 A.2d 438 (1968); *Finsel v. Pennsylvania Department of Transportation,* 22 Pa. Commonwealth Ct. 474, 349 A.2d 785 (1975). In this case, the Appellants have not sufficiently proved any one of the grounds on which we could disregard the release executed by Drann and the Department.

The Appellants argue that there was a mutual mistake in the execution of the release in that Drann was not aware that the $3,265 he received was compensa-

tion for the taking of his property only and not for any anticipated drainage damage.[4] They contend that Drann could not have contemplated releasing the Department for drainage problems when he was not compensated for such damages, and that therefore the release could not preclude Appellants' claim.

We agree with the Appellants that a release may cover only such matters as can fairly be said to be within the contemplation of the parties when executed. *Estate of Bodnar,* 472 Pa. 383, 372 A.2d 746 (1977); *Murray v. University of Pennsylvania Hospital,* 340 Pa. Superior Ct. 401, 490 A.2d 839 (1985). We disagree, however, that drainage damage was not within the contemplation of the parties in the present case. The record indicates that Drann had an opportunity to review the construction plans and discuss damages with the negotiator, and that he signed a planning sheet showing the drainage changes. It is, furthermore, frivolous to argue that Drann did not intend to release the Department of liability for damages arising from drainage problems when the release contained such explicit language on this point.[5]

We therefore conclude that the release executed by the Appellants' predecessor in interest does bar the Appellants' present claim for drainage damage.

---

[4] The District Review Appraiser for the Department at the time of the condemnation testified at deposition that Drann was not compensated for the drainage damage because there was existing drainage and it was believed that any new drainage facilities would not materially affect the remaining property.

[5] This Court has upheld Department releases containing much broader and more general language than that in the instant case. *See e.g. Finsel v. Pennsylvania Department of Transportation,* 22 Pa. Commonwealth Ct. 474, 349 A.2d 785 (1975) (release of "all claims under the Eminent Domain Code" contemplates a release of all indirect consequential damages which result from the highway improvements, such as surface water runoff).

Finally, Appellants contend that their claim should not be barred by the two-year statute of limitations contained in Section 5524 of the Judicial Code (Code), 42 Pa. C. S. §5524.[6] They argue that the Department is committing a continuing trespass and that the statute should not start running until there is a cessation of the overt act constituting the wrong. We do not agree.

In *Canfield Appeal,* 83 Pa. Commonwealth Ct. 76, 476 A.2d 489 (1984), this Court rejected a theory of continuing trespass on a claim for damages arising from the interference with the appellant's use of his property which was situated on the Delaware River. The appellant contended that the level of the river had decreased due to two upstream dams and that this had interfered with the recreational use of his property from the time each dam was built "continually to the present as water is diverted from and released into the River." *Id.* at 78, 476 A.2d at 491. We denied the claim based on the Pennsylvania Supreme Court's decision in *Sustrik v. Jones & Laughlin Steel Co.,* 413 Pa. 324, 197 A.2d 44 (1964), wherein that Court stated:

> [A] continuing trespass must be distinguished from a trespass that effects a permanent change in the condition of the land. The latter, while resulting in a continuing harm, does not subject the trespasser to liability for a continuing

---

[6] The applicable provisions of Section 5524, which were considered by the trial court, are as follows:

§5524. Two year limitation

The following actions and proceedings must be commenced within two years:

. . . .

(4) An action for waste or trespass of real property.

. . . .

(7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct. . . .

trespass. . . . If a nuisance at the time of creation is a permanent one, the consequences of which in the normal course of things will continue indefinitely, there can be but a single action therefor to recover past and future damages *and the statute of limitations runs against such cause of action from the time it first occurred,* or at least from the date it should reasonably have been discovered.

*Id.* at 328, 197 A.2d at 46-47 (citations omitted) (emphasis added).

Following the reasoning of *Sustrik,* we reject Appellants' theory of continuing trespass. The draining water is a trespass that has effected a permanent change in the Appellants' land and which will continue to recur as long as rain falls and flows downhill toward Lake Wallenpaupak. As such, the cause of action on the trespass accrued when it first occurred. The suit filed in 1983 was well beyond two years of either 1965, when the Appellants first noticed the water, or 1972 when they first complained to the Department. We therefore hold that the Appellants' claim is barred by the two-year statute of limitations of Section 5524 of the Code, 42 Pa. C. S. §5524.

### ORDER

The order of the Court of Common Pleas of Pike County in the above-captioned proceeding is affirmed.