576 A.2d 416

**COMMONWEALTH of Pennsylvania DEPARTMENT OF CORRECTIONS, Petitioner,**

v.

**Robert E. COLYER, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 2, 1990.

Decided June 7, 1990.

414

David L. Horwitz, Asst. Counsel, for petitioner.
Michael S. Gingerich, Lewistown, for respondent.

Before CRAIG and PELLEGRINI, JJ., and
BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

The Department of Corrections (Department) petitions this Court for review of an order of the State Civil Service Commission (Commission), dated April 27, 1989, which directed the Department to reinstate the name of Robert E. Colyer to the list of persons eligible for the position of Corrections Officer Trainee. Because we find that the Commission erred in granting relief to Colyer, we reverse.

In January 1988, Colyer, who had been employed in the private sector as a security guard for several years, submitted to the Department an application for employment as a Corrections Officer Trainee, probationary status. Selection and appointment to this position is governed by the Civil Service Act (Act),[1] and pursuant to its provisions Colyer's name was placed on the list of persons conditionally eligible to be selected for the position.

A background investigation uncovered information which Colyer failed to disclose on the application form; namely, two arrests,[2] and the fact that Colyer had four relatives who were incarcerated in state correctional facilities. In addition, one of the persons Colyer listed on his application for a reference, Sgt. Orrie Snook of the Lewistown Police Department, reported that he believed Colyer to be unsuitable for employment as a corrections officer.

The results of the investigation were related to the Corrections Officer Trainee Background Review Panel (Panel) for consideration. The Panel determined that Colyer had intentionally omitted information about his arrests and the incarceration of his relatives, and concluded, based on these omissions and the negative recommendation of Sgt. Snook, that Colyer was not suitable for the trainee position. The Panel granted Colyer's request for reconsideration, but ultimately affirmed its preliminary decision. In a letter

1. Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §§ 741.1–741.-1005.

2. The arrests occurred in 1953, for a traffic violation, and 1956, for assault and being AWOL from the U.S. Army. Colyer did disclose an arrest for "traffic offenses" in January of 1983.

dated July 18, 1988, Colyer was informed that his name was being deactivated from the Department's trainee eligibility list.

Colyer appealed the Panel's action to the Commission, alleging that he had been discriminated against by the Department. Section 905.1 of the Act provides:

No officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors.

71 P.S. § 741.905a. Colyer marked a box on the Commission's appeal form indicating that he had been discriminated against on the basis of "other non-merit factors", and elaborated on this claim in an attached document. Testimony from several witnesses was taken at a Commission hearing in October 1988. The Commission concluded that the Department's action in this instance was not supported by the evidence, but "was based upon a mistake/misinterpretation of relevant facts, a non-merit factor". *See* Commission's Adjudication, p. 3. The Commission directed that Colyer's name be returned to the Corrections Officer Trainee eligibility list. The Department now brings this petition for review of the Commission's order.

 Our scope of review of an order of the Civil Service Commission is limited to determining whether constitutional rights have been violated, an error of law has been committed and necessary factual findings are supported by substantial evidence. *Department of Community Affairs v. Averette,* 104 Pa.Commonwealth Ct. 260, 521 A.2d 534 (1987). Three issues are presented here for our consideration. The Department contends that Colyer failed to carry his burden of proving non-merit discrimination, and that the Commission improperly shifted the burden to the Department to disprove his charges. The Department also contends that the record does not contain substantial evidence

to support the Commission's conclusion that the Department's action was based upon a mistake of fact. In addition, the Department asserts that the Commission erred by effectively substituting its judgment as to Colyer's qualifications for that of the Department.

A person claiming discrimination in a personnel action has the burden of presenting evidence to support such a charge. *Sebastiani v. Department of Transportation,* 75 Pa.Commonwealth Ct. 602, 462 A.2d 942 (1983); 4 Pa. Code § 105.16(a). Here, the crux of Colyer's claim is that he was discriminated against due to his family connections and the apparent poor reputation of the "Colyer" name in his community. (N.T., pp. 45, 103–104). Colyer addressed the issue of the non-disclosures of information by explaining that he did not know of his relatives' incarcerations because he does not keep in contact with that part of his family, (N.T., pp. 18–21), and that the arrests had occurred so long ago that he had simply forgotten about them. (N.T., p. 24). The Commission, in its adjudication, accepted these explanations as being reasonable and credible. The Commission also stated that the Department should have given greater weight to the positive recommendation Colyer received from Frank Hill, who is employed as a state corrections officer, than the negative comments of Sgt. Snook.

The Commission determined that Colyer had proved discrimination based on the Department's "misapprehension concerning the facts of [his] criminal history, poor recommendation from a law enforcement agency and answer to question No. 19 on his application for employment [asking about incarcerated relatives]." *See* Commission's Adjudication, p. 2. The Commission explained that a "mistake/misinterpretation of relevant facts" constitutes a non-merit factor for discrimination, citing this Court's decision in *Bureau of Corrections Appeal,* 87 Pa.Commonwealth Ct. 527, 487 A.2d 1036 (1985), and concluded that this is what occurred in the present case. Our review of the record does not lead us to this same conclusion.

The testimony before the Commission did not reveal any mistake of fact on the part of the Department. On the contrary, the testimony of Colyer and his witnesses confirmed the facts to be just as they were presented in the Panel's letter of July 18, 1988. The heart of this dispute is not about what the facts are, but rather, concerns what significance is to be attributed to these facts. The Commission obviously does not agree with the Department's interpretation of the facts here, and the significance it attaches to them, so it labels the Department's action as a "misinterpretation" and "misapprehension" of these facts. In our view, this is not such a case.

We also agree with the Department's assessment that Colyer failed to meet his burden of proving discrimination based on non-merit factors. The Department's action in this matter was based on factors of merit in determining Colyer's qualifications as a potential corrections officer. Colyer's past arrests, the incarceration of four of his relatives, and his failure to disclose these matters on the employment application are matters which can be seen as being of legitimate concern to the Department. Additionally, the negative remarks of Sgt. Snook, in which he discussed his acquaintance with Colyer for more than 30 years, and offered his observation that Colyer has "an explosive temper at times" and has a history of assaultive behavior, (N.T., pp. 51–59), concern factors of merit in assessing Colyer's qualifications.

In *Bureau of Corrections Appeal,* we stated that an appointing authority is the exclusive judge as to the merit or lack of merit of a probationary employee's work performance. In a similar vein, where an individual's qualifications or suitability for employment are called into question, the appointing authority is the exclusive judge as to the merit or lack of merit of such questions. Here, the Department made an assessment, based on the acknowledged facts, as to Colyer's suitability for inclusion on its Corrections Officer Trainee eligibility list. It was within the Department's province as the appointing authority, giv-

en the circumstances present here, to exercise its judgment so as to remove Colyer's name from consideration for employment.

The Department's action in this matter did not result in discrimination against Colyer in violation of Section 905.1 of the Act. Because the Commission found otherwise, we reverse its order directing the Department to reinstate Colyer's name on the trainee eligibility list.

## ORDER

AND NOW, June 7, 1990, the order of the State Civil Service Commission in the above-captioned matter, dated April 27, 1989, is hereby reversed.

Former President Judge CRUMLISH, Jr., did not participate in the decision in this case.