646 A.2d 666

**Raymond D. MORNINGSTAR, Petitioner,**

v.

**DEPARTMENT OF TRANSPORTATION, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 25, 1994.

Decided Aug. 1, 1994.

---

Robert B. Stewart, III, for petitioner.

Robert J. Shea, Asst. Chief Counsel, for respondent.

Before COLINS and KELLEY, JJ., and RODGERS, Senior Judge.

COLINS, Judge.

Raymond D. Morningstar (Morningstar) petitions for review of the April 30, 1993 order of the State Civil Service Commission (Commission) granting the Department of Transportation's (Department) motion to dismiss. For the reasons set forth herein, we affirm the Commission's order.

Morningstar was notified by letter dated May 8, 1989, that he was indefinitely suspended from his regular status Highway Maintenance Manager 3 position, pending further investigation and review of allegations of leave and attendance violations, lack of a valid supplementary employment request and failure to file earnings on financial disclosure statements. This suspension was terminated at the close of business on May 22, 1989, and Morningstar was demoted to regular status Highway Maintenance Manager 1 employment, effective May 23, 1989. Morningstar then filed an appeal to the Commission, but in lieu of the appeal, a settlement agreement and release (agreement) was negotiated between Morningstar and the Department; the agreement was executed on July 12, 1990.

Subsequently, on August 16, 1990, Morningstar advised the Commission that the agreement had "fallen apart," and he requested that the appeal be rescheduled. The Department filed a motion to dismiss on September 7, 1990, citing completion of its obligations under the agreement. Morningstar filed a timely answer to the Department's motion, arguing that the agreement was null and void because of misrepresentations of fact made by the Department when it negotiated the agreement. On October 12, 1990, the Commission entered an order granting the Department's motion, because the Department had completed its obligations under the agreement.

Morningstar then appealed to this Court, which reversed the Commission's October 12, 1990 order and remanded the case to the Commission for a hearing regarding the validity of the agreement and the Department's performance under the agreement.[1] At this hearing, Morningstar sought to set aside the agreement because of fraud and mutual mistake.

The pertinent facts, as found by the Commission, are as follows. Morningstar, with his counsel, and John Matthews (Matthews) and Robert Bell (Bell) on behalf of the Department met on July 12, 1990, in an attempt to amicably settle the dispute over Morningstar's suspension and demotion from his position as Highway Maintenance Manager 3 to Highway Maintenance Manager 1. In the course of these negotiations, various terms and conditions were discussed, the most significant of which were: the reassignment of Morningstar from the Highway Manager 1 position to Transportation Manager 1 classification; the reduction of the period of suspension from ten work days to five; back pay as a Highway Maintenance Manager 3 through the effective date of Morningstar's movement to the Transportation Construction Manager 1 position; and, Morningstar's placement on the Pay Range 7 salary scale.

During this meeting, Matthews, negotiating on behalf of the Department, indicated that overtime earned by project engineers had been, on average, in the range of three to four

1. See *Morningstar v. Department of Transportation* (No. 2357 C.D.1990, filed May 17, 1991).

thousand dollars but that there was no guarantee as to the amount of overtime. It was further discussed at this meeting that Morningstar was to be placed at Step 34 of Pay Range 7. At the end of the July 12, 1990 meeting, the agreement was reduced to writing and signed by Morningstar, his counsel, Matthews, and Bell.

After the hearing, the Commission concluded that there was neither fraud nor mutual mistake in the formation of the agreement and granted the Department's motion to dismiss on the basis of the Department's compliance with the terms of the agreement. Morningstar then filed the instant petition for review.

■ Morningstar raises one issue for our review,[2] which is whether the agreement was the product of clear, mistake-free communications and understandings by both parties. Specifically, Morningstar argues that the agreement should be set aside because he, as well as the Department's negotiators, Matthews and Bell, were unaware of what the term "Project Engineers" meant. Thus, they were unable to come to a "meeting of the minds" regarding the level of overtime compensation to which Morningstar would be entitled and the future salary increases Morningstar would be entitled to receive. We disagree, concluding that the Commission's findings were based on substantial evidence and that, accordingly, Morningstar has failed to establish a mutual mistake of fact.

■ The Commission must base its findings on substantial evidence. *West Chester State College v. Stein,* 72 Pa.Commonwealth Ct. 561, 457 A.2d 176 (1983). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support the conclusion." *Civil Service Commission v. Poles,* 132 Pa.Commonwealth Ct. 593, 599, 573 A.2d 1169, 1172 (1990), *appeal dismissed, as having been improvidently granted,* 530 Pa. 31, 606 A.2d 1169 (1992). "A review-

2. Our scope of review in appeals from the Commission "is limited to determining whether there has been a violation of constitutional rights or an error of law or whether the findings of fact are supported by substantial evidence." *Bennett v. State Correctional Institute at Muncy,* 161 Pa.Commonwealth Ct. 582, 584 n. 2, 637 A.2d 753, 754 n. 2 (1994).

ing court will examine, but not weigh the evidence since the fact-finding tribunal is in a better position to find the facts based upon the testimony and the demeanor of the witnesses. The court may not substitute its judgment for that of the agency." *Id.* Thus, "[i]t is the prerogative of the Commission to determine the credibility of witnesses and the value of their testimony." *Id.*

■ The Commission determined that the testimony of the Department's witnesses, Matthews and Bell, was credible; we are bound by this credibility determination. Based on the testimony of these witnesses, the Commission concluded that the term "Project Engineers" refers to positions which direct Department operations on contracted highway construction projects and includes persons employed in the positions of Transportation Construction Inspector Supervisor, Transportation Construction Manager 1, Transportation Construction Manager 2, Civil Engineer 2, Civil Engineer 3. The Commission also concluded that this meaning was understood by Morningstar.

Regarding the overtime earned by these project engineers, the Department offered to verify the figures, but neither Morningstar nor his counsel accepted this offer. Moreover, Morningstar indicated at the meeting that he was not interested in overtime.

As to the base salary, the information reviewed by Morningstar indicated that only one additional step increase was available in the pay range. The Commission also found that Morningstar was advised that any salary increases beyond the remaining step would result only from increases to the pay levels.

Based on our review of the record, we conclude that the findings of the Commission are based on substantial evidence. Accordingly, we are bound by the Commission's findings.

■ "Reformation of a contract for mutual mistake of fact can exist only where there are contractual misapprehensions common to both parties." *Black Top Paving Company, Inc. v. Department of Transportation,* 77 Pa.Commonwealth Ct.

612, 621, 466 A.2d 774, 778–79 (1983). A party claiming mutual mistake of fact in an agreement must establish such by clear, precise, and convincing evidence. *Mancia v. Commonwealth*, 102 Pa.Commonwealth Ct. 279, 517 A.2d 1381 (1986). Based on the record before us, we must conclude that there were no misapprehensions common to Morningstar and the Department. Morningstar's mistaken assumptions were unilateral and based on his own perceptions. Morningstar has failed to establish a mutual mistake of fact.

Accordingly, we affirm the Commission's grant of the Department's motion to dismiss.

## *ORDER*

AND NOW, this 1st day of August, 1994, the order of the Civil Service Commission in the above-captioned matter is affirmed.