**STATE CORRECTIONAL INSTITUTION AT ALBION, Petitioner,**

v.

**Joseph B. BECHTOLD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 7, 1995.

Decided Jan. 17, 1996.

Jill A. Devine, Assistant Counsel, for petitioner.

Margo A. Trbovic, for respondent.

Before McGINLEY and KELLEY, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

The State Correctional Institution at Albion, Department of Corrections (Department) petitions for review of an order of the State Civil Service Commission (Commission) sustaining the appeal of Joseph B. Bechtold (Bechtold) from his removal as a probationary corrections officer trainee and ordering

his return to the position with reimbursement of wages and emoluments. We affirm.

Bechtold was employed at the State Correctional Institution at Albion from March, 1994 until June 3, 1994. Bechtold was removed from his position after a State Police background investigation revealed that he had failed to list two arrests, which occurred approximately twenty-eight years ago, on his employment application. Bechtold maintained that he had forgotten about the arrests when he filled out the employment application.

Bechtold appealed his dismissal to the Commission arguing, *inter alia*, that he was discriminated against based on a non-merit factor in violation of Section 905.1 of the Civil Service Act (Act).[1] The Commission found Bechtold's testimony that he could not remember the arrests to be credible and determined that the Department had mistakenly and without sufficient proof concluded that Bechtold had intentionally falsified his application for employment.[2] The Commission concluded that this mistake of fact by the Department led to Bechtold's removal from employment based on a non-merit factor.

In its appeal to this Court,[3] the Department asserts that the Commission erred when it held that Bechtold was dismissed from employment based on a non-merit factor. The Department emphasizes that Bechtold's employment application specifically stated that "[f]ailure to list ANY arrest or conviction will be considered a deliberate falsification and may be grounds for removal from employment consideration." (R.R. at 145a). Moreover, the application warned applicants that it was their "responsibility to

---

1. Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. § 741.905a. Section 905.1 was added by the Act of August 27, 1963, P.L. 1257. That section provides:

   No officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors.

2. The Commission reasoned that Bechtold's presentation conceded the existence of the arrests.

Thus, the existence of the arrests was not at issue. Based on the testimony of a number of witnesses, the Commission concluded that the Department construes "falsification" to mean an *intentional* attempt to deceive and, as a result, the Department, by its own actions, has made intent the central issue of this case.

3. The Commonwealth Court's scope of review on appeals from the State Civil Service Commission is limited to determining whether there has been a violation of constitutional rights or an error of law or whether findings of fact are supported by substantial evidence. *Morningstar v. Department of Transportation*, 166 Pa.Cmwlth. 342, 646 A.2d 666 (1994).

check with all appropriate authorities to determine what, if any records of arrests or convictions they may have." (R.R. at 145a). Because the evidence presented before the Commission proved that Bechtold had been arrested on two occasions and that he failed to list the arrests on his employment application, the Department argues that Bechtold was not removed from his position based on a non-merit factor.

The Commission's decision relied heavily on this Court's decision in the case of *State Correctional Institution at Graterford, Bureau of Corrections v. Goodridge,* 87 Pa. Cmwlth. 527, 487 A.2d 1036 (1985). In *Goodridge,* we held that a corrections officer trainee, on probationary status, who was dismissed for allegedly falsifying his employment application, was dismissed based on a non-merit factor where the Commission had determined that the application had not been falsified. In the present case, the Commission cited *Goodridge* for the proposition that the Department had mistakenly concluded that Bechtold intentionally falsified his application for employment and removed him based on a non-merit factor.

The Department argues that *Goodridge* is not applicable to Bechtold's removal because there was no underlying mistake of fact by the Department. The Department stresses that in an appeal challenging the removal of a probationary employee, the employee bears the burden of proving that the action was motivated by discrimination. *Commonwealth, Department of Public Welfare v. Sanders,* 102 Pa.Cmwlth. 426, 518 A.2d 878 (1986). Under the circumstances, the burden of proof rested with Bechtold to prove discrimination and he failed to do so.

Although Bechtold's employment application succinctly stated that failure to list the arrests would be considered a deliberate falsification, we agree with the Commission's finding that the Department construed the phrase "deliberate falsification" to mean an *intentional* attempt to deceive. Testimony in the record supports this finding.

During the course of cross-examination, Peter Balestreire, Personnel Director at the State Correctional Institution at Pittsburgh, was questioned regarding his institution's procedures when it has learned that an employee has falsified his employment application. He testified in part:

Q. Isn't there necessarily a finding of whether there was an intentional falsification?

A. Yes, there is.

(R.R. at 100a). Additionally, Henry Powell, Jr., a personnel analyst at the State Correctional Institution at Albion testified:

Q. Can you tell me what happens when an employee is suspected of falsifying an employment application?

A. A PDC, a pre-disciplinary conference, is set up, and a hearing is held to determine whether or not there was intent to deceive or falsify.

(R.R. at 121a).

In the present case, the Commission found Bechtold to be credible when he testified that at the time he completed the employment application he had forgotten about his arrests. In this regard, we note that where competing testimony has been presented, the Commission is the sole factfinder. *Western Center, Department of Public Welfare v. Hoon,* 143 Pa.Cmwlth. 212, 598 A.2d 1042 (1991). Additionally, it is within the Commission's province to judge issues of credibility and resolve evidentiary conflicts. *Id.*

Because the Commission found Bechtold's testimony to be credible, we conclude that the Commission properly applied the rationale of *Goodridge* to the present case. Similar to *Goodridge,* the Commission in the present case was faced with a situation in which the Department *mistakenly* concluded that Bechtold had intentionally falsified his employment application and, based on this mistaken assumption, dismissed him based on a non-merit factor.

Accordingly, the order of the Commission is affirmed.

### ORDER

NOW, January 17, 1996, the order of the State Civil Service Commission is hereby affirmed.