**COMMONWEALTH of Pennsylvania, DEPARTMENT OF CORRECTIONS, Petitioner,**

v.

**Vince KREMPOWSKY, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 20, 1997.

Decided July 21, 1997.

---

Robin M. Lewis, Assistant Counsel, Camp Hill, for petitioner.

No appearance entered for respondent.

Before COLINS, President Judge, LEADBETTER, J., and LORD, Senior Judge.

COLINS, President Judge.

The Commonwealth of Pennsylvania, Department of Corrections (Commonwealth) petitions for review of the order of the State Civil Service Commission (Commission) restoring the name of Vince Krempowsky (Krempowsky) to the Commonwealth's list of eligible candidates to be considered for the position of corrections officer trainee. We reverse.

The Commission ruled that the Commonwealth discriminated against Krempowsky when it removed him from the list of eligible candidates based on his 1990 arrest for resisting arrest, public intoxication, and disorderly conduct. Because the record of the 1990 arrest was expunged by court order after Krempowsky completed his program of accelerated rehabilitative disposition (ARD), the Commission concluded that the Commonwealth's reliance on the expunged arrest record constituted a mistake of the relevant facts and constituted discrimination against Krempowsky based on nonmerit factors under Section 905.1 of the Civil Service Act.[1].

---

1. Act of August 5, 1941, P.L. 752, added by Section 25 of the Act of August 27, 1963, P.L. 1257, 71 P.S. § 741.905a, which provides,

No officer or employe of the Commonwealth shall discriminate against any person in re-cruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations because of labor union affiliations

Our review of an order of the Commission is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, and whether necessary findings of fact are supported by substantial evidence of record. *Department of Corrections v. Colyer*, 133 Pa.Cmwlth. 413, 576 A.2d 416 (1990). The Commonwealth argues that it made no mistake of relevant facts concerning Krempowsky's arrest record and that Krempowsky's conduct surrounding his 1990 arrest is not a non-merit factor in an applicant's qualification for the position of corrections officer trainee. We agree.

The evidence of record does not reveal any mistake of fact on the part of the Commonwealth. The Commonwealth's removal of Krempowsky's name from the eligibility list was based on the results of a criminal background investigation completed by Pennsylvania State Trooper Gary Brownfield on December 8, 1994. As part of that investigation, Trooper Brownfield checked into the 1990 arrest listed on Krempowsky's application.[2] Trooper Brownfield testified that he first spoke with Krempowsky to get his version of the events surrounding the arrest, and he later read the arrest report filed by the arresting officer. According to Trooper Brownfield, Krempowsky acknowledged that at the time of his 1990 arrest he refused to be handcuffed and that the officers had to wrestle him into the cuffs. (Transcript at p. 85.) The arrest report characterized Krempowsky as being extremely violent. (Transcript at p. 86.)

It is within the exclusive judgment of the appointing authority to determine the merit or lack of merit of an applicant's background relative to that applicant's suitability for inclusion on its list of corrections officer trainees. *Colyer*, 576 A.2d at 418. Plainly, the Commonwealth has determined that under some circumstances an arrest record may be a merit factor in an applicant's qualification for the position of corrections officer.

In our view, the Commonwealth does not abuse its discretion when it investigates an applicant's criminal background and evaluates that background for circumstances that might weigh against qualification. A record of one or more arrests may not be considered a merit factor disqualifying a candidate for most civil service positions, but it may be a disqualifying factor for the position of corrections officer.

In this case, the Commonwealth was concerned that Krempowsky's background indicated a disregard for authority and for rules, an inability or lack of inclination to comply with orders, a lack of self-discipline, and poor judgment. (Transcript at pp. 60–64.) Joseph Miller, Assistant Chief of Security for the Department of Corrections and a member of the background review panel that reviewed Krempowsky's application, testified that the fact of the arrest alone did not result in Krempowsky's disqualification. Miller stated that the events surrounding the arrest—Krempowsky's resisting authority and violent behavior—were the primary factors in his disqualification. Miller opined that if the background report on the 1990 arrest indicated that the officers arrived, handcuffed Krempowsky, and removed him without incident, Krempowsky would not have been disqualified and removed from the eligible list.

Although Krempowsky's arrest record was expunged—after the background investigation, but before the Commonwealth acted on Krempowsky's application—Krempowsky willingly disclosed the information on his application and as part of that application signed a waiver authorizing the Commonwealth to investigate all background and character information pertinent to his qualifications for employment as a corrections officer. (Hearing Exhibit AA.) Even without the waiver, in these circumstances we believe that public policy weighs in favor of ensuring the professional qualifications of correctional

---

or because of race, national origin or other non-merit factors.

2. Krempowsky disclosed the arrest in his answer to a question about whether the applicant had ever been arrested, charged, cited, or held by law

enforcement authorities regardless of whether the charge or citation was dropped or dismissed, whether the applicant was found not guilty or completed an ARD program. Hearing Transcript at p. 37.

officers and the security of the Common-
wealth's correctional facilities.

Accordingly, the Commonwealth did not
discriminate against Krempowsky with re-
spect to his application and retention on the
eligibility list because of a non-merit factor.
The order of the Commission is reversed.

### ORDER

**AND NOW,** this 21st day of July, 1997, the
order of the State Civil Service Commission
in the above-captioned matter is reversed.